**Emerson M.F. JOU, M.D., Individually and on behalf of the class or others similarly situated, Plaintiff—Appellant,**

v.

**J.P. SCHMIDT, In his capacity as the Insurance Commissioner, State of Hawaii; et al., Defendants—Appellees.**

No. 04–16838.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 13, 2006.

Filed June 27, 2006.

---

Stephen M. Shaw, Esq., Honolulu, HI, for Plaintiff–Appellant.

David A. Webber, Deborah Day Emerson, AGHI—Office of the Hawaii Attorney General, Honolulu, HI, for Defendants–Appellees.

Before: B. FLETCHER, PREGERSON, and CANBY, Circuit Judges.

### MEMORANDUM *

Plaintiff–Appellant Dr. Emerson Jou appeals from the district court's dismissal of his complaint pursuant to *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). He argues that the second and third conditions for *Younger* abstention were not satisfied by his state administrative and judicial proceedings. We have jurisdiction to consider this claim pursuant to 28 U.S.C. § 1291. We review de novo whether *Younger* abstention is required. *Green v. City of Tucson,* 255 F.3d 1086, 1092–93 (9th Cir.2001) (en banc) (citing *Fresh Int'l Corp. v. Agric. Labor Relations Bd.,* 805 F.2d 1353, 1356 (9th Cir.1986)). We review the district court's denial of Jou's motion to amend his complaint for abuse of discretion. *Caswell v. Calderon,* 363 F.3d 832, 836 (9th Cir.2004). We affirm the district court's application of *Younger* and its denial of Jou's motion to amend. Because the facts are known to the parties, we do not recite them in detail.

### I.

Although *Younger* itself concerned state criminal proceedings, its rule has been extended to apply to pending state administrative proceedings. *Delta Dental Plan v. Mendoza,* 139 F.3d 1289, 1294 (9th Cir. 1998) (citing *Bud Antle, Inc. v. Barbosa,* 45 F.3d 1261, 1272 (9th Cir.1994)). Under our court's three-part test, which has its roots in *Middlesex County Ethics Committee v. Garden State Bar Association,* 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982), *Younger* abstention is required when "(1) state judicial proceedings are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford the federal plaintiff an adequate opportunity to litigate federal constitutional claims." *Wiener v. County of San Diego,* 23 F.3d 263, 266 (9th Cir.1994). "So in addressing *Younger* abstention issues, district courts must exercise jurisdiction except when specific legal standards are met, and may not exercise

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

jurisdiction when those standards are met; there is no discretion vested in the district courts to do otherwise." *Green*, 255 F.3d at 1093.

As to the first prong, Jou does not dispute that he had initiated state administrative proceedings before he filed his federal action. As to the second prong, we have held that the state has an important interest in regulating its insurance industry. *Delta Dental Plan*, 139 F.3d at 1295.

Jou argues that state court review of administrative proceedings does not satisfy the third requirement for *Younger* abstention. He raises two issues, neither of which have merit. First, Jou protests that Hawaii law bars adjudication of constitutional claims in administrative proceedings. However, "even if a federal plaintiff cannot raise his constitutional claims in state administrative proceedings that implicate important state interests, his ability to raise the claims via state judicial review of the administrative proceedings suffices." *Kenneally v. Lungren*, 967 F.2d 329, 332 (9th Cir.1992) (quotation omitted); *see also Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 629, 106 S.Ct. 2718, 91 L.Ed.2d 512 (1986) ("In any event, it is sufficient under *Middlesex* ... that constitutional claims may be raised in state-court judicial review of the administrative proceeding."). Jou has not shown that he is barred from raising his federal constitutional claims in state court, a burden he bears. *See Wiener v. County of San Diego*, 23 F.3d 263, 267 (9th Cir.1994).

Jou also argues that the district court's application of *Younger* violates a timeliness requirement set forth in *Gibson v. Berryhill*, 411 U.S. 564, 93 S.Ct. 1689, 36 L.Ed.2d 488 (1973). *Gibson*, however, was not decided on the basis of timeliness; nor have any other cases been. Furthermore, as was revealed at argument, Jou's cases have progressed steadily through the state court system and are now on appeal before the Hawaii Supreme Court or awaiting assignment by it to the intermediate appellate court.

## II.

While leave to amend should be freely given, "[a] trial court may deny such a motion if permitting amendment would ... result in futility for lack of merit." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir.1990) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). Nothing in Jou's proposed amended complaint, nor in his brief's descriptions of his proposed amendments, undermine *Younger's* application to his case.

## III.

We therefore affirm the district court's dismissal of Jou's case under *Younger* and its denial of Jou's motion to amend his complaint.

AFFIRMED.